BARNES et al. v. SOUTHFIELD BEACH R. CO. et al. (two cases.)

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. MORTGAGES (§ 310*)—PARTIAL RELEASE—BREACH OF CONDITION SUBSEQUENT.

Where a mortgage is released upon a condition subsequent as to part of the property, the premises released, on breach of the condition become again a part of the mortgaged premises and subject to the lien of the mortgage, as if the release had not been made.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 310.*]

2. MORTGAGES (§ 310*)—PARTIAL RELEASE—CONSTRUCTION OF CONDITION SUBSEQUENT.

Where a part of the premises covered by a mortgage is released on condition which is broken "in case a railroad is not constructed and in operation" on the property "by June 15, 1901, and in case said premises are used for other than railroad purposes," the release will become null and void if there is either a failure to build the railroad or the premises are used for other than railroad purposes.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 310.*]

3. MORTGAGES (§ 310*)—PARTIAL RELEASE—PROCEEDINGS TO SET ASIDE RELEASE.

Where a release of part of the premises covered by a mortgage on condition subsequent has become null and void through failure to perform the condition, an action to enforce the forfeiture is unnecessary, as the released land fell at once under the lien of the mortgage subject to waiver of the breach at the option of those entitled to enforcement, and the effect of such an action was to estop the party in whose interest the release had been executed from asserting that the breach in the condition had been waived, but that effect does not furnish sufficient ground for maintaining the action, and it should be dismissed.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 310.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. MORTGAGES (§ 502\*)—FORECLOSURE—DECREE—ORDER OF SALE.**
> Where a mortgage has been partially released and the release has been forfeited for failure to perform the condition subsequent, on which it was founded, a decree in foreclosure proceedings should direct that the land covered by the release should be sold after the other land covered by the mortgage, if necessary.
>
> [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 502.\*]

Actions by Robert Barnes and others against the Southfield Beach Railroad Company and others, and by Sarah H. Barnes and others against the Southfield Beach Company and others. The former action is dismissed, and a decree for plaintiffs in the latter action.

The following is the opinion of Thomas, J.:

The release is upon condition subsequent, and by its terms the condition is broken "in case a railroad is not constructed and in operation" on the property "by June 15, 1901, and in case said premises are used for other than railroad purposes." Upon breach the premises released become a part of the mortgaged premises and subject to the lien of the mortgage as if the release had not been made. Has there been a breach of the condition? The railroad was not constructed on the premises by June 15, 1901, nor was there such construction and operation until August 10, 1901, but the property has not been used for other than railroad purposes. I think that the breach is predicable upon the failure to construct by June 15th, or upon the use of the property for other than railroad purposes. Otherwise the release would be operative, if the construction and operation of the railroad had been indefinitely delayed, or had never been constructed, provided the land were not used for other than railroad purposes. I think that the meaning is that the release shall continue effective provided the railroad should be constructed and operated by June 15, 1901, and thereafter the land be used only for railroad purposes. Both happenings were necessary to keep in life the release, and a failure in either regard would cause it to cease. The compulsion upon the company was to build a railroad within the time and to use it for railroad purposes. Thus the conjunction "and" has its full office, and full effect is given to both clauses. The statement of the condition in the negative form does not necessitate different interpretation. After the failure to construct within the time, the plaintiffs promptly asserted the breach by bringing the first of the above actions, and after the cause of action upon the mortgage arose they by action asserted its lien upon the premises released. The defendant is not excused by the delays caused by litigation. I do not understand that all the litigation related to the premises in question, but in any case trifling work was done before May, 1901, whereas a timely beginning of the work at an earlier period, so far as appears, would have enabled it to dispose of such interference and thereby perform the condition. Between May and August, 1901, the company was able to meet all difficulties and construct the road. Therefore the company between the date of the release and June 15, 1901, could have done the same. The more serious question relates to the right to maintain the action to have the release declared null and void and that the premises be adjudged to be a part of the mortgaged premises. Such an action has something of the nature of an action to enforce entry upon land upon breach of condition, but as the instrument did not create an estate in the railroad company, and the plaintiffs had no right of possession or enjoyment of the premises, the analogy is remote. Moreover, an action was not necessary to enforce the forfeiture, as upon the breach of the condition the released land fell at once under the lien of the mortgage, subject to waiver of the breach at the option of those entitled to enforcement. But the action was notice to the railroad company that breach was claimed and forfeiture demanded, and was a sure means of estopping the railroad company from justly asserting, what it now asserts, that the plaintiffs waived the breach. But the fact that the commencement of the action had such effect does not furnish ground for maintaining the action, and

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I do not perceive upon what theory a decree may be directed for the plaintiffs. The decree could give them nothing they do not already have of right. It removes no cloud from, nor claim to, property to the possession of which they are entitled, or of which they have right of enjoyment. It is unnecessary for the purpose of reattaching the lien of the mortgage. It adds nothing to the strength of the lien. The lien reattaches ipso facto upon the defendant's default, and awaited enforcement if occasion therefor occurred. Therefore the action to vacate the release has no function save as it is a declaration of forfeiture which is unnecessary and the complaint should be dismissed with costs. In the foreclosure proceedings the plaintiffs are entitled to a decree embracing the land in question, which will be sold after the other land covered by the mortgage, if necessary. Costs to plaintiff.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, and RICH, JJ.

Stuart G. Gibboney, for plaintiffs.

Joline, Larkin & Rathbone, for defendants.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Thomas at Special Term.